UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNITED STATES OF AMERICA,**

v. **No. 4:26-cr-00248-P**

**MARC LANCE AVILA JR.**

## OPINION & ORDER

Before the Court is Defendant Marc Lance Avila's Motion for Reconsideration. ECF No. 21. Having considered the Motion, relevant docket filings, and applicable law, the Court will **DENY** the Motion.

## BACKGROUND

A grand jury found that, on or about May 16, 2026, Avila violated the possession prong of 18 U.S.C. § 922(g)(1) and § 924(a)(8). Section 922(g)(1) provides, in pertinent part:

> (g) It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

On October 5, 2026, Avila filed a Motion to Dismiss Count One of the Indictment. ECF No. 18. The Motion argues that Section 922(g)(1) exceeds Congress's power under the Commerce Clause and violates the Second Amendment. The Court denied that Motion, ECF No. 19, reasoning that his Commerce Clause challenge was foreclosed by Fifth Circuit Precedent. Avila now asks the Court to reconsider based on his

argument that 922(g)(1) violates the Second Amendment as applied to him.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) allows a defendant to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CR. P. 12(b)(1). In deciding the motion, the Court should "take the allegations of the indictment as true." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)).

## ANALYSIS

18 U.S.C. § 922(g)(1) prohibits the possession of firearms by convicted felons. In support of his Motion, Avila asserts that 18 U.S.C. § 922(g)(1) violates the Second Amendment because neither his possession nor fraud charge would qualify for disarmament under the analysis required by *Bruen* and *Rahimi*. ECF No. 18.

The Fifth Circuit has consistently denied as-applied challenges to § 922(g)(1)'s constitutionality under the Second Amendment. *See United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024); *United States v. Contreras*, 125 F.4th 725 (5th Cir. 2025); *United States v. Schur*, 132 F.4th 863, 870 (5th Cir. 2025); *United States v. Hernandez*, 159 F.4th 425, 428 (5th Cir. 2025) ("To date, this court has recognized three categories of offenses that doom a defendant's as-applied challenge . . . theft, violence, and violating the terms of one's release by possessing arms while on parole.") (internal marks omitted); *United States v. Kimble*, 142 F. 4th 308, 313 (5th Cir. 2025) (canvassing historical laws that severely punished offenses involving theft, fraud, or deceit, including a Virginia law punishing mail theft and counterfeiting with death or estate forfeiture).

Avila's prior convictions for fraud-related offenses are sufficiently analogous. Thus, Defendant's argument that § 922(g)(1) violates the Second Amendment as applied to him is foreclosed.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Avila's Motion for Reconsideration. ECF No. 21.

**SO ORDERED** on this **8th day of October 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE